UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSE URIBE,<br><br>　　　　　Defendant. | 4:22-CR-40086-KES<br><br>ORDER DENYING MOTION FOR A SENTENCE REDUCTION AND APPOINTMENT OF COUNSEL |

　　　　Defendant, Jose Uribe, filed a *pro se* motion seeking a sentence reduction under 18 U.S.C. § 3582(c) and the appointment of counsel to assist him with that motion. Docket 58.  Plaintiff, the United States of America, opposes Uribe's motion. Docket 60. For the following reasons, Uribe's motion for a sentence reduction is denied.

## DISCUSSION

　　　　First, the court addresses Uribe's request for the appointment of counsel. There exists no statutory or "Sixth Amendment right to 'counsel in sentence modification proceedings under § 3582(c).' " *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020) (quoting *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009)). Nonetheless, under the court's Amended Standing Order 19-01, the Federal Public Defender's Office was appointed to represent Uribe. After a review of his motion, the Federal Public Defender's Office filed a notice of intent not to file a supplement to Uribe's motion. Thus, Uribe's request for appointment of counsel is denied as moot. The court goes on to consider the merits of Uribe's request for a sentence reduction.

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

On September 11, 2023, Uribe pleaded guilty to conspiracy to commit carjacking (Count 1) and use and brandishing of a firearm during the commission of a crime of violence (Count 2). Dockets 40, 42. Uribe's guideline range on Count 1, based on a total offense level of 21 and a Criminal History

2

Category of V, was 70–87 months in custody. Docket 56 ¶ 84. But because the guideline range exceeded the statutory maximum for the offense, Uribe's guideline range was reduced to 60 months. *Id.* Uribe received one "status point" for committing the instant offense charged in Count 1 while under a criminal justice sentence. *See id.* ¶ 43. Uribe's guideline range on Count 2 was 84 months. *See id.* ¶ 24. Pursuant to U.S.S.G. § 2K2.4(b), Uribe's guideline sentence on Count 2 was set at the minimum term of imprisonment required by statute for a violation of 18 U.S.C. § 294(c) and was required by law to run consecutively to the sentence on Count 1. *Id.* On November 30, 2023, the court sentenced Uribe to a sentence of 60 months on Count 1 and 84 months on Count 2, to run consecutively to Count 1. Docket 57 at 1–2.

On April 10, 2024, Uribe filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2) and seeking appointment of counsel. Docket 56. Because Uribe does not explicitly explain why his circumstances warrant relief, the court will also analyze his motion under the amendments to the guidelines found at U.S.S.G. § 4C1.1.

**I.     U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant

3

offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Uribe received one "status point" for committing the instant offense while under a criminal justice sentence and was sentenced after the retroactive amendments went into effect on November 1, 2023. *See* Docket 56 ¶ 43; Docket 57 at 1–2. Thus, Uribe was already sentenced under the amended version of the guidelines and is not eligible for a reduction.

## II.    U.S.S.G § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in § 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

4

U.S.S.G § 4C1.1.

Uribe fails to meet the criteria for zero-point offenders, as outlined in U.S.S.G. § 4Cl.l(a), because he had 9 criminal history points. *See* Docket 56 ¶¶ 25–44. Uribe was also sentenced after November 1, 2023, and thus his sentence was calculated pursuant to the amended version of the guidelines. *See* Docket 57 at 1–2. Thus, Uribe is not eligible for a reduction under either the "status points" provision or the "zero-point offender" provision.

## CONCLUSION

It is ORDERED that Uribe's motion (Docket 58) is DENIED.

Dated July 24, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE